**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN HIGAREDA-FRUTOS, | No. 18-70508 |
| Petitioner, | Agency No. A200-698-259 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2020**
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

Juan Higareda-Frutos, a native and citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of an immigration judge ("IJ") denying his application for

withholding of removal under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Higareda-Frutos contends that, in 2010, he was kidnapped and tortured by the Michoacán cartel, who had previously kidnapped and murdered his father and who threatened Higareda-Frutos with death if he was seen again in his hometown of Sahuayo, Mexico. The IJ found his testimony not to be credible, and the BIA upheld that adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

Substantial evidence supports the agency's[1] adverse credibility determination. *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (explaining that, in applying the substantial evidence standard, "[w]e reverse the BIA's decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that he was not credible'" (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003))). Specifically, the record supports the agency's finding that Higareda-Frutos was not credible based on omissions and inconsistencies in Higareda-Frutos's responses to a 2010 border interview as compared with his later testimony in support of his 2016 application for CAT protection. *See* 8 U.S.C. § 1229a(c)(4)(C) (authorizing credibility determinations based on inconsistencies in an applicant's statements in removal proceedings).

---

[1] "Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We refer to the BIA and the IJ collectively as "the agency."

Higareda-Frutos maintains that the 2010 interview should not be relied on as a comparison because the interviewing border patrol officer's Spanish was inadequate and that, consequently, Higareda-Frutos could not understand some questions and some answers he provided were mistranslated. He further argues that the agency's response to this explanation—that all border patrol officers speak Spanish—is impermissible speculation unsupported by record evidence. We agree with Higareda-Frutos that the agency erred in making this assumption, which the Government seems to acknowledge was unsupported. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence.").

But even if Higareda-Frutos and the border patrol officer did not communicate well during the 2010 interview, substantial evidence supports the agency's adverse credibility determination. The agency found that Higareda-Frutos's failure in 2010 to attempt to communicate that he had been kidnapped and tortured, or even that he feared returning to Mexico, made his later testimony about these subjects incredible. Importantly, Higareda-Frutos does not argue that he attempted to communicate these experiences and fears, either in English or in Spanish, but was misunderstood. Rather, Higareda-Frutos's explanations for these omissions are that he did not remember being asked about his fear, that he was

3

emotionally traumatized, and that he did not know that he could apply for asylum. Having adequately considered these explanations, the agency was justified in finding them unpersuasive. Because Higareda-Frutos's 2010 omissions alone provide sufficient support for the agency's adverse credibility determination, we need not consider Higareda-Frutos's attacks on other aspects of the agency's reasoning.[2]

Higareda-Frutos did not exhaust his contention that his due process rights were violated when he was denied the opportunity to cross-examine the border patrol officer who interviewed him. We therefore lack jurisdiction to review this claim and must dismiss it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

Finally, once Higareda-Frutos's testimony is disregarded for lack of credibility, substantial evidence supports the agency's denial of CAT relief. Higareda-Frutos points to no other evidence in the record that compels the conclusion that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Farah*, 348 F.3d at

---

[2] We also need not consider an apparent error that Higareda-Frutos did not address in his petition. The agency faulted Higareda-Frutos for testifying that he had received stitches after his alleged torture when the medical record did not mention stitches. But the Spanish copy of the medical record appears to contain the word "suturé," meaning "I sutured," while only the English translation does not. *The American Heritage Spanish Dictionary* xviii, 492 (2d ed. 2001).

4

1157. The general evidence of country conditions that Higareda-Frutos presents is not sufficient to support his claim of likelihood of future torture. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION DENIED IN PART AND DISMISSED IN PART.**